**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 23, 2012

No. 11-10178
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS ALVERA-RAMIREZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-160-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Carlos Alvera-Ramirez (Alvera) pleaded guilty to one count of illegal reentry following a previous deportation. The district court imposed a sentence of 96 months of imprisonment and three years of supervised release. Alvera argues that his sentence is unreasonable because the district court failed to provide a reasoned explanation of the sentence imposed and because the above-guidelines sentence was not supported by the record, but rather, was based on the district court's personal opinion that such a sentence was warranted.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10178

Following *United States v. Booker*, 543 U.S. 220 (2005), our review of sentences is for reasonableness in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). *See United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005). This court engages in a bifurcated review, first ensuring that the district court committed no significant procedural error, such as failing to adequately explain the sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). If the sentence is procedurally sound, this court then considers whether the sentence is substantively reasonable. *Id.*

Before the district court, Alvera argued that the facts of his case did not warrant the imposition of an above-guidelines sentence. Thus, Alvera preserved his challenge to the substantive reasonableness of the sentence. He did not argue, however, that the district court failed to provide a reasoned explanation for the sentence and improperly relied on its personal opinion when imposing the above-guidelines sentence. Although he cites an objection he purportedly made, it does not appear in the sentencing transcript in this case. Thus, review is for plain error. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 361 (5th Cir. 2009). In any case, the district court provided detailed reasons for the sentence imposed. Those reasons are adequate to permit effective appellate review. Accordingly, there is no procedural error in this case. *See United States v. Key*, 599 F.3d 469, 474 (5th Cir. 2010).

The 96-month sentence challenged by Alvera was the result of an upward departure from the Guidelines and a variance based on the § 3553(a) factors. The specific characterization of the sentence is irrelevant, however, because "the sentence imposed was reasonable under the totality of the relevant statutory factors." *United States v. Brantley,* 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted). The record indicates that the district court properly considered the § 3553(a) factors. The 96-month sentence reflected Alvera's history and characteristics, the need to promote respect for the law, the need to provide just punishment, the need to provide adequate deterrence, and

the need to protect the public from future crimes. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Accordingly, the judgment of the district court is AFFIRMED.